IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHOESTRING VALLEY HOLDINGS INC.** dba **ANDERSEN CONSTRUCTION**, an Oregon corporation, | Case No. 3:25-cv-974-SI |
| | **ORDER** |
| Plaintiff, | |
| v. | |
| **EXP US SERVICES INC.**, a Delaware corporation; **T-MOBILE WEST LLC**, a Delaware limited liability company; and **LIBERTY MUTUAL INSURANCE COMPANY**, a Massachusetts corporation, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Shoestring Valley Holdings Inc., doing business as Andersen Construction
("Andersen"), has sued Defendants EXP US Services Inc. ("EXP"), T-Mobile West LLC ("T-
Mobile"), and Liberty Mutual Insurance Company ("Liberty Mutual"), EXP's surety, for claims
arising out of a construction project known as the "T-Mobile Portland OR MSO Power Upgrade"
(the "Project"). Andersen alleges claims for foreclosure of construction lien against EXP and
Liberty Mutual; breach of contract, declaratory relief, and under the Private Prompt Pay Act
against only EXP; and quantum meruit, or unjust enrichment, against EXP and T-Mobile. T-

Mobile has moved to dismiss Andersen's unjust enrichment claim against it for failure to state a claim. For the reasons explained below, the Court grants T-Mobile's motion.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

T-Mobile owns the Project, and EXP contracted with T-Mobile to provide design services and serve as the general contractor on the Project. Compl. (ECF 1-1) ¶¶ 8-10. In January 2021, Andersen subcontracted with EXP to provide construction services for the Project. *Id.* ¶ 9. Andersen alleges that EXP caused a 71-week delay in the Project by failing timely to provide an approved temporary power plan and because of lack of performance by another subcontractor. *Id.* ¶¶ 13-25.

On December 11, 2024, Andersen alleges that it sent EXP a written Notice of Claim pursuant to their contract and a Notice of Claim for quantum meruit recovery under Oregon law. *Id.* ¶ 27. The Notices of Claim requested a total payment of $2,975,612: $2,185,448 for an agreed-upon payment of $1,432,078 and "expanded and extended general conditions resulting from EXP's conduct," and $790,164 in costs related to the other subcontractor's lack of performance. *Id.* ¶ 28. EXP did not remit payment. *Id.* ¶ 29. On January 8, 2025, Andersen recorded a construction lien in the amount of $2,975,612 against the property on which the Project is located. *Id.* ¶ 30. EXP recorded a surety bond to remove the encumbrance on the property. *See id.* ¶ 33.

Andersen brings only one claim against T-Mobile, for quantum meruit. *Id.* ¶¶ 59-62. Andersen alleges that it provided services, labor, materials, and equipment in connection with the Project for the benefit of T-Mobile. *Id.* ¶ 60. Andersen asserts that it is entitled to the reasonable value of these services, labor, materials, and equipment, as well as pre- and post-judgment interest. *Id.* ¶ 62.

**DISCUSSION**

**A.  Unjust Enrichment Claim**

T-Mobile argues that Andersen fails to state a claim because under Oregon law, a subcontractor on a construction project cannot bring a claim against an owner with whom the subcontractor has no contractual relationship before exhausting its remedies against the general contractor. T-Mobile asserts that Andersen has failed to exhaust its remedies against EXP.[1] Andersen responds that it can plead unjust enrichment in the alternative and that it has adequately pleaded exhaustion.

Under Oregon law, before a subcontractor with no contractual relationship with a property owner can bring a claim for unjust enrichment against the owner, "a material element that must be alleged and proved . . . is that the remedies against the [general] contractor were exhausted." *Tum-A-Lum Lumber v. Patrick*, 95 Or. App. 719, 721-22 (1989). The Oregon Court of Appeals later clarified that a plaintiff's allegations "that it repeatedly demanded payment from [the contractor] and that it delivered a notice of lien and [took] the additional step of naming [the contractor] in the same action as a defendant to the unjust enrichment claim" were insufficient to satisfy the exhaustion requirement set forth in *Tum-A-Lum*. *L.S. Henriksen Constr., Inc. v. Shea*, 155 Or. App. 156, 160 (1998). The court explained that "[i]nitiating a remedy, however, is not the same as exhausting that remedy, and it is exhaustion that the law requires." *Id.*

T-Mobile argues that the facts here are materially identical to those in *L.S. Henriksen*. Andersen has pleaded that it demanded payment from EXP, delivered a notice of lien, and named EXP in the same action as T-Mobile. Andersen responds that it has properly alleged

---

[1] T-Mobile also argues that a subcontractor cannot bring an unjust enrichment claim against an owner unless the owner has not fulfilled its contractual obligations to the general contractor. Because the Court resolves the motion based on failure to exhaust remedies, it does not address this argument.

exhaustion and contends that *Tum-A-Lum* and *L.S. Henriksen* are distinguishable because the plaintiffs there failed to perfect liens, give statutory notice, or actively sue the contractor. Andersen also argues that it can plead unjust enrichment in the alternative "until it becomes clear that legal routes will in fact make the claimant whole."

Andersen is correct that in general, a party may plead a claim for unjust enrichment in the alternative to an express contract claim. *See Mt. Hood Cmty. Coll. ex rel. K & H Drywall, Inc. v. Fed. Ins. Co.*, 199 Or. App. 146, 158 (2005) ("[T]he use of a *quantum meruit* claim as an alternative to a breach of contract claim is so common that it is not only unremarkable but something that is expected. . . . Plaintiff was entitled to plead alternatively on an express contract and in *quantum meruit* without having to elect the theory upon which it would rely."). But Andersen does not cite, and the Court did not find, any authority that allows a plaintiff in Andersen's position to allege unjust enrichment if the plaintiff has not exhausted its remedies against the general contractor. The general rule for pleading in the alternative does not supersede the specific rule that a subcontractor must first exhaust all remedies against the general contractor before seeking relief from the owner. Thus, the Court analyzes whether Andersen has exhausted its remedies against EXP.

The Court disagrees with Andersen's characterization of *L.S. Henriksen*. The plaintiff in *L.S. Henriksen did* deliver a notice of lien and named the contractor in the civil case. *See* 155 Or. App. at 160. Instead, the only differences between Andersen and the plaintiff in *L.S. Henriksen* is that Andersen also initiated its lien-foreclosure claim against the bond surety and that EXP recorded a surety bond after Andersen provided notice of the lien. These differences, however, do not show that Andersen has exhausted its remedies against EXP; like the plaintiff in *L.S. Henriksen*, Andersen has merely initiated proceedings against EXP. Thus, the Court grants T-Mobile's motion to dismiss the unjust enrichment claim.

**B. Leave to Amend**

Andersen requests leave to amend. T-Mobile argues that immediate amendment is futile, and the Court should grant leave to amend only when Andersen can allege that it has exhausted its remedies against EXP and T-Mobile has not fulfilled its contractual obligations to EXP.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A court may deny leave to amend, however, if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quotation marks omitted).

The Court cannot say that it is certain that Andersen cannot exhaust its remedies against EXP by the deadline to file an amended complaint. Thus, the Court grants leave to amend.

## CONCLUSION

The Court GRANTS T-Mobile's Motion to Dismiss for Failure to State a Claim, ECF 11. The Court dismisses Andersen's quantum meruit claim against T-Mobile without prejudice. Andersen may file an amended complaint no later than 14 days after the entry of this Order, if it believes in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure that it can cure the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge